UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE STONE,

                Plaintiff,

-against-

CHRISTOPHER MATTHEW RIVERA, et al.,

                Defendant.

**ORDER**

24-CV-03411 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Defendants Christopher Matthew Rivera and Mondelez Global, LLC ("Defendants") filed a Notice of Removal on May 2, 2024, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1; Doc. 4, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

On May 2, 2024, Defendants filed a Notice of Removal, which attached a copy of Plaintiff's Summons & Complaint (Doc. 4-1, "Compl."). Defendants claim that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) after commencement of the action in State Court, "[o]n or about April 15, 2024, Plaintiff supplied a demand packet wherein a demand in excess of $75,000.00 was made." (Not. of Removal ¶ 8).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff's Complaint alleges that she was injured in a motor vehicle accident as a result of Defendant Rivera's negligence and for which Defendant Mondelez Global, LLC is vicariously liable. (Compl. ¶¶ 15-17). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that damages are sought "in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. at 6). If removal of a civil suit from state court to

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendants assert that the amount in controversy is in excess of $75,000 because "[o]n or about April 15, 2024, Plaintiff supplied a demand packet wherein a demand in excess of $75,000.00 was made." (Not. of Removal ¶ 8). Defendants have not furnished any such documents containing a settlement demand to the Court. "Although a number of cases have allowed a demand or settlement letter to be considered in determining the amount in controversy, the underlying demand letter in each of these cases was submitted as evidence and the context of the offers was clear in the record." *Daly v. United Airlines, Inc.*, No. 17-CV-00977, 2017 WL 3499928, at *4 (D. Conn. Aug. 16, 2017) (collecting cases). "Here, without any evidence of the demand or context in which to evaluate the demand, the Court cannot make a finding that by the preponderance of the evidence the amount in controversy exceeds $75,000." *Id*.

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' conclusory allegation that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").

**CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
      May 9, 2024

SO ORDERED:

_____
Philip M. Halpern
United States District Judge